May 20, 1939


Honorable Jack Borden
County Attorney
Weatherford, Texas

Dear Sir:

Opinion No. 0-805·
Re: Effect of registration
    of motor bus having four
    wheels and with gross
    weight exceeding 22,000
    pounds.

        We are in receipt of your letter of May 11,
1939, wherein you request our opinion in response to
the following question:

        "Where a County Tax Collector regis-
    ters a motor vehicle, having four wheels,
    with a gross weight, including load, exceed-
    ing twenty-two thousand pounds (22,000 lbs.),
    in violation of the first cited statute, is
    the Department of Public Safety required to
    give a presumption of validity to such registra-
    tion and be precluded from enforcing the pro-
    visions of the Statutes relating to failure
    to properly register, or is it, or some other
    Department or agency of the State, required
    to make arrests and file complaints despite
    such unlawful registration, by the Highway
    Department through the County Tax Assessor-
    Collector?"

        In your letter you do not advise whether the
motor vehicle in which you are interested is a commercial
motor vehicle or a motor bus, or whether or not the
license receipt issued shows that the gross weight of the
vehicle is in excess of 22,000 pounds. However, your
Representative, Mr. Delmar King, advises that you have
reference to a motor bus and that the license receipt
shows that the gross weight of the same exceeds 22,000
pounds.

Article 6675a-6, Revised Civil Statutes, fixes the annual license fee for the registration of commercial motor vehicles and truck-tractors based upon the gross weight and tire equipment of the vehicle. A part of the above Article reads as follows:

"The term gross weight as used in this section shall mean the actual weight of the vehicle fully equiped with body and other equpment, as certified by any official public weigher or any license and weight inspector of the State Highway Department, plus its net carrying capacity. 'Net carrying capacity' of any vehicle except a bus as used in this Section shall be the weight of the heaviest net load to be carried on the vehicle being registered; provided said net carrying capacity shall in no case be less than the manufacturer's rated carrying capacity. 'The net carrying capacity of a bus as defined in this Act (Arts. 6675a-1 to 6675a-14; P. C. Art. 870a) shall be computed by multiplying its seating capacity by 150 pounds. The seating capacity of any such vehicle shall be the manufacturer's rated seating capacity exclusive of the driver's or operator's seat. The seating capacity of any such vehicle not rated by the manufacturer shall be determined by allowing one passenger for each sixteen inches that such vehicle will seat, exclusive of the driver's or operator's seat.'"

Article 6675a-8, makes similar provisions relative to trailers and semi-trailers. Article 6675a-8a then provides that the annual license fees for the registration of motor busses shall be based upon the gross weight of the vehicle, and then proceeds to set forth

the schedule of the fees for such vehicles of respective weights.

Article 6675a-8b provides, in part, as follows:

"Provided that no vehicle shall be registered with four wheels, or less, whose gross weight, including load, exceeds 22,000 pounds; that no vehicle shall be registered with six wheels, whose gross weight, including load, exceeds 30,000 pounds; (axles of the latter type to be spaced not less then 40 inches apart."

While the statutes contain no express provisions that the gross weight of a motor bus shall be its actual weight plus its net carrying capacity, we think that under a reasonable construction of the foregoing articles such would be true. Article 827a, Section 5a, Penal Code, provides that upon application for registration of any commercial motor vehicle, truck-tractor, trailer or semi-trailer, the applicant shall furnish his affidavit showing the weight of the vehicle and further provides that a copy of the receipt issued shall show the weight and that such copy shall be carried on the vehicle at all times that same is on the public highway. It is further provided that the affidavit or a certified copy thereof may be admitted in evidence and shall be prima facie evidence of the weight thereof. However, we find no such provision relative to the registration of motor busses.

It is difficult to understand from your question just what information you need. Manifestly the tax collector could not by issuing a license receipt for use in connection with a motor bus which is not entitled to be registered estop the State from enforcing its laws relative to the operation of such motor busses.

In the case of Opp vs. State, 94 S. W. (2nd) 180, the defendant had registered his automobile in a county other than that of his residence. He was prosecuted for operating an automobile without a license. Conviction was sustained.

Neither the Department of Public Safety nor any other peace officer would be precluded from enforcing the provisions of the statutes relating to failure to properly register merely by the issuance of a license fee receipt under the circumstances outlined by you. We cannot answer the remaining part of your inquiry, since the question as to whether the Public Safety Department or any other agency of the State would be "required" to make arrests and file complaints, would depend upon the facts within the knowledge of the enforcing agency and the proof which would be available in the prosecution of any such complaint.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:FG

APPROVED:


ATTORNEY GENERAL OF TEXAS